FILED
2018 OCT 12 PM 1:05
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Robert Christopher Litton, | ) |
| PLAINTIFF, | ) |
| vs. | ) No. _____ <br> ) JURY DEMAND |
| City of Millersville, <br> George Aldridge | ) |
| DEFENDANTS. | ) |

## COMPLAINT

Comes the Plaintiff, Robert Litton, by and through his attorney, and for his cause of action against the Defendants would respectfully show to the Court and Jury as follows:

### I. THE PARTIES

1.1    The Plaintiff, Robert Litton, is a resident of Sumner County, Tennessee.

1.2    The Defendant, City of Millersville, Tennessee is a governmental entity located in Robertson County, Tennessee, and at all times relevant to the Complaint was responsible for establishing the policies and procedures of the Millersville Police Department as well as training of police officers, including Defendant George Aldridge.

1.3    The Defendant, George Aldridge, is, upon information and belief, a resident of Nashville, Davidson County, Tennessee. Defendant George Aldridge was, at all times relevant to this Complaint, acting under color of state law, and was employed as and acting within his scope and capacity as a law enforcement officer for the City of Millersville, Tennessee. Defendant George Aldridge is

being sued in his individual capacity for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer for the City of Millersville, Tennessee.

## II. JURISDICTION

2.1   This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C. § 1983.  This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C.A. §1347 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

## III. VENUE

3.1   Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred in the Middle District of Tennessee.

## IV. NATURE OF THE CASE

4.1   This action arises under the Fourth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiff.

4.2   The State law claims arise under the common law of the State of Tennessee.

## V. FACTS

5.1   On October 14, 2017, Robert Litton was arrested by George Aldridge for violations of Tenn. Code Ann. § 39-13-111.

5.2 On or about October 14, 2017 Robert Litton was spending time with his ex-wife Jenny Litton and his 14yr old daughter Dorothy Litton at their home in Millersville Tn.

5.3 Both parents had given Dorothy Litton permission to go get ice cream at Wendy's with a neighborhood friend and that friends grandmother.

5.4 Both parents later discovered Dorothy Litton was not with her friends grandmother but instead had been picked up by an unknown family and taken to the Highland Rim Racetrack in Millersville Tn. without her parents permission.

5.5 Dorothy Litton had never been permitted to go to this racetrack due to safety concerns.

5.6 Robert Litton went to the racetrack to get Dorothy Litton and Jenny Litton stayed home in case Dorothy Litton came home first.

5.7 Once at the racetrack Robert Litton found Dorothy Litton standing next to the fence.

5.8 Robert Litton told Dorothy Litton it was time to go home and she began to cry and yell that she didn't want to go home because she knew she was in so much trouble.

5.9 Robert Litton then called Jenny Litton to have her come to the racetrack to help take Dorothy Litton home.

5.10 Once Jenny Litton arrived Dorothy Litton continued to cry and yell she didn't want to go home.

5.11 Jenny Litton and Robert Litton then both took Dorothy Litton by the arm to get her to stand up and began walking her to the exit towards the parking lot.

5.12 Dorothy Litton continued to cry and resist being lead to the parking lot at which time a man (later identified as Mr.Biles)began to yell and scream at Robert Litton to take his hands off her.

5.13 Robert Litton told Mr.Biles that Dorothy Litton was his daughter and she had no permission to be there and that he was taking her home.

5.14 Mr.Biles continued to yell and followed Robert Litton and Jenny Litton as they both took Dorothy Litton to the parking lot.

5.15 Robert Litton noticed several people who appeared to be taking cell phone video at this time.

5.16 On the way out Jenny Litton attempted to talk to Mr.Biles and explained to him that Dorothy Litton had no permission to be there and that she was her mother and was taking her home.

5.17 Dorothy Litton continued to resist going to the parking lot and stopped walking several times to which Mr. and Ms. Litton had to regain and maintain control of Dorothy Litton.

5.18 At this time Mr.Biles became very aggressive and started yelling and saying things like, you don't know who your messing with and you don't know who I am.

5.19 .Mr.Biles then began to walk towards Robert Litton in an aggressive manner, with his fist balled up and was being held back by several people.

5.20 Robert Litton then let go of Dorothy Litton and turned her fully over to Jenny Litton because he felt he was about to be assaulted by Mr.Biles.

5.21 .Jenny Litton then attempted to put Dorothy Litton into their car by herself. Dorothy Litton resisted and Jenny Litton had to use her hip to maintain control of Dorothy and keep her between the open door and herself.

5.22 .Mr.Biles then yelled at Mr.Litton, don't you fucking push her. Robert Litton was at the back of the car at this time and showed his hands to Mr.Biles and said he didn't push her.

5.23 .Millersville Police arrived and separated all parties and took Dorothy Litton from her mother Jenny Litton and put her in the back of a police car.

5.24 .Officer George Aldridge asked Robert Litton what happened and both Robert Litton and Jenny Litton exsplained all the above details to Officer George Aldridge,that they were there to pick up their daughter Dorothy Litton who had been taken to the racetrack without their knowledge or permission.

5.25 Officer George Aldridge said they were there because they got a call of an assault/child abuse complaint.

5.26 Robert Litton told Officer George Aldridge that he was aware of the law and that his daughter was not assaulted or abused and that he and her mother had every right to remove their daughter from a place they felt was unsafe and dangerous for her to be and that it was their parental right to do so.

5.27 Robert Litton told George Aldridge that his daughter was not hurt or harmed but was scared because she knew she was in trouble.

5.28 Robert Litton told Officer George Aldridge that several people appeared to be taking video of the incident on their cell phones and he could look at those videos to see that there was no assault/abuse.

5.29 .During this time, Jenny Litton discovered that it was Mr.Bile's wife who had picked up Dorothy Litton from their neighborhood and brought her to the racetrack without either parents knowledge or consent.

5.30 Jenny Litton told Officer George Aldridge she wanted Mr. and Mrs. Bile's arrested for custodial interference or kidnapping for taking her daughter without permission.

5.31 Robert Litton told officer George Aldridge he wanted Mr. Bile's arrested for assault because he was in fear Mr. Bile's was going to assault him.

5.32 Officer George Aldridge then spoke to Mr. Bile's and approximately three other witnesses. Officer Aldridge appeared to be smiling and laughing with Mr. Bile's. All the witnesses were sat together at one table and given statement forms to fill out together.

5.33 Officer George Aldridge then took Dorothy Litton out of the police car and asked her the real reason you don't want to go home is you are in trouble. Dorothy Litton stated yes I'm going to be grounded for the rest of my life. Jenny Litton witnessed this conversation.

5.34 Officer George Aldridge then returned to Robert Litton, Robert Litton asked officer Aldridge if officer Aldridge could separate witnesses while they wrote their statements because they may tend to get their stories straight since it appeared they knew each other. Officer George Aldridge did not respond.

5.35 Robert Litton was then arrested for Domestic assault.

5.36 Robert Litton asked officer George Aldridge if he had looked at the cell phone videos. He stated he looked at one and it did not show Robert Litton doing anything wrong and that he could hear Mr. Bile's yelling in the background.

5.37 Officer George Aldridge said he received several cell phone videos on his phone and would look at them later. Officer George Aldridge stated he would probably just send them to the DA's office to see if charges would be dropped.

5.38    Officer George Aldridge put in his warrant for probable cause that Dorothy Litton said her father Robert Litton hurt her and she did not want to go home with either her mother or father as she was afraid they would beat her. This conflicts with officer George Aldridge's own report testimony where he states in the police report Dorothy said either her father Robert or mother Jenny slammed her against the car and the report never mentioned her being hurt.

5.39    No ambulance was called or pictures taken or documented in the police report of any visible or other injuries.

5.40    Dorothy Litton states she never told officer George Aldridge that she was afraid to go home because she was afraid she would be beat. She told she was afraid to go home because she would be grounded for life. Said statement was heard by Jenny Litton.

5.41    Dorothy Litton states she told officer George Aldridge that her mom pushed her against the car and never told officer Aldridge that her father Robert Litton did.

5.42    Officer George Aldridge omitted important exculpatory evidence by failing to put in to the report that both parents removed Dorothy Litton from the property and that all witness statements both parents were involved in removing Dorothy Litton. Instead officer George Aldridge only stated that witnesses saw Robert Litton putting hands on Dorothy Litton.

5.43    Leaving out this important information George Aldridge knowingly and maliciously failed to put the physical contact in to context for the magistrate leaving the magistrate with a false narrative constructed by the officer George Aldridge's omissions and false statements.

5.44 Officer George Aldridge did not look at several cell phone videos that could have cleared up any questions as to what happened.

5.45 Officer George Aldridge failed to mention in his warrant or report that the one video he did observe did not appear to show Robert Litton doing anything wrong but did corroborate Robert Litton's statements that Mr. Bile's was being aggressive towards him.

5.46 Officer George Aldridge's report makes no mention of video or videos being put in to property.

5.47 Officer George Aldridge report makes no mention of Mr. or Ms. Litton's complaint of kidnapping and or parental interference against Mr. Bile's and no investigation in to the claim of assault to Mr. Litton from Mr. Bile's.

5.48 Mr. Bile's is a firefighter for the city of Millersville.

## COUNT I
### (Fourth Amendment - Violation Of 42 U.S.C.A. § 1983 False Arrest and Malicious Prosecution)

6.1 Plaintiff Robert Litton was arrested without a warrant and subsequently prosecuted for the crime of Domestic assault.

6.2 Defendant George Aldridge made the warrantless arrest of Plaintiff Robert Litton and made, participated in, and/or influenced the subsequent prosecution of the Plaintiff.

6.3 The arrest and prosecution of the Plaintiff for Domestic assault was without any probable cause for the following reasons:

   a) The facts that officer Aldridge had knowledge of would not lead a reasonable person to believe that Robert Litton has committed, is committing, or is about to commit a crime; and

   b) The circumstances that officer Aldridge had knowledge of would not lead a reasonable person to believe that Robert Litton has committed, is committing, or is about to commit a crime..

6.4 As a direct and proximate result of the arrest and criminal prosecution of the Plaintiff for Domestic assault, the Plaintiff was deprived of his liberty.

6.5 The charge of Domestic assault against the Plaintiff was dismissed on March 5, 2018, at the preliminary hearing.

6.6 Pursuant to statute, Defendant George Aldridge is liable to the Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical,economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

### COUNT II
(MUNICIPAL LIABILITY - VIOLATION OF 42 U.S.C.A. § 1983)

7.1 The conduct of Defendant George Aldridge described above deprived the Plaintiff of the Plaintiff's right to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

7.2 Defendant City of Millersville contemporaneously approved and ratified the conduct and actions of Defendant George Aldridge.

7.3 Defendant City of Millersville's customs, policies, procedures, and training were the motivating force behind the arrest and prosecution of Plaintiff Robert Litton.

**7.4** Pursuant to statute, Defendant City of Millersville is liable to the Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and reasonable attorney's fees and costs.

## COUNT III

### (STATE LAW CLAIMS - FALSE ARREST AND MALICIOUS PROSECUTION)

8.1 Defendant George Aldridge made a warrantless arrest and initiated a criminal prosecution against Plaintiff Robert Litton based upon an alleged violation of Tenn. Code Ann. § 39-13-111.

8.2 Defendant George Aldridge had actual evidence that proved that Plaintiff Robert Litton had not committed the offense of Domestic assault.

8.3 Defendant George Aldridge actually knew and/or had reason to know that Plaintiff Robert Litton had not committed the offense of Domestic assault and that no factual basis or probable cause existed for Plaintiff being arrested or charged with Domestic assault.

8.4 With the dismissal of the charges, the suit was resolved in Plaintiff Robert Litton's favor.

8.5 Defendant George Aldridge lacked any probable cause to arrest or charge Plaintiff Robert Litton with Domestic assault and was aware that no probable cause existed to arrest or charge Plaintiff Robert Litton.

8.6 Defendant George Aldridge also failed to make a reasonable investigation concerning any allegations made against Plaintiff Robert Litton by third parties and failed to consider direct video evidence that Plaintiff Robert Litton had not committed any crime.

8.7 Defendant George Aldridge, however, arrested and charged Plaintiff Robert Litton with Domestic assualt anyway with malice knowing there was no probable cause or with a reckless disregard of whether probable cause existed.

8.8 Plaintiff Robert Litton's arrest for Domestic assault was unlawful.

8.9 Furthermore, the lack of probable cause also creates a rebuttable presumption of malice.

8.10 Plaintiff Robert Litton suffered damages based upon Defendant George Aldridge's actions.

**DAMAGES**

8.1 As a direct and proximate result of the unlawful conduct of the Defendants

as described above, Plaintiff Robert Litton experienced significant emotional suffering; damage to his reputation; and the embarrassment and humiliation of publicly being arrested and prosecuted for Domestic assault.

8.2 As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff has experienced significant mental anguish.

8.3 As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff has suffered impairment to his income. As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff was arrested, had to make bond to be released from jail, and had to hire an attorney to successfully have the criminal charge against him dismissed.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;
2. That the Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law;
3. That the Plaintiff be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

4. That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

5. That the Plaintiff be granted such other, further, and general relief as to which he is entitled.

Respectfully Submitted,

*[signature: Robert Christopher Littas]*

119 SANDERS FERRY Rd APT 20
HENDERSONville TN 37075
615-310-5421