IN THE UNITED STATES DISTRICT COURT FOR THE
**MIDDLE DISTRICT OF TENNESSEE**

**Robert Christopher Litton,**
**Jennifer Marie Litton, Robert**
**Christopher Litton on behalf of**
**his minor child, Dorothy Ann**
**Marie Litton; And Jennifer**
**Marie Litton on behalf of her**
**minor child Dorothy Ann Marie**
**Litton**                                        )
                                                   )
PLAINTIFF,                                         ) **NO.3:18-CV-01101**
                                                   ) Judge William Campbell
                                                      Magistrate Judge
                                                      Alistair Newbern
                                                   )
vs.                                                )
                                                   ) **JURY DEMAND**
**City of Millersville,**                          )
**George Aldridge, Eric Richards**                 )
                                                   )

DEFENDANTS.

## AMENDED COMPLAINT

Comes the Plaintiffs, Robert Litton, Jennifer Litton, Robert Litton on behalf of his minor child Dorothy Litton, Jennifer Litton on behalf of her minor child Dorothy Litton, pro se, and for all Plaintiffs parties. Cause of action against the Defendants would respectfully show to the Court and Jury as follows:

### I. THE PARTIES

1.1    The Plaintiff, Robert Litton pro se, is a resident of Sumner County, Tennessee. Who lives at 1000 Heather Drive Goodlettsville.

1.2    The Plaintiff, Jennifer Litton pro se, is a resident of Sumner County, Tennessee. Who lives at 1000 Heather Drive Goodlettsville.

1.3    The Plaintiff, Dorothy Ann Litton a minor is a resident of Sumner County, Tennessee. Who Lives at 1000 Heather Drive Goodlettsville and whom interest are being put forward by behalf of Robert Litton and Jennifer Litton.

1.4    The Defendant, City of Millersville, Tennessee is a governmental entity organized by the state of Tennessee located in Robertson County, Tennessee, and at all times relevant to the complaint as well as training of police officers, including Defendant George Aldridge and Eric Richards.

1.5    The Defendant, George Aldridge, is, upon information and belief, a resident of Nashville, Davidson County, Tennessee. Defendant George Aldridge was, at all times relevant to this Complaint, and was employed as and acting within his scope and capacity as a law enforcement officer for the City of Millersville, Tennessee. Defendant George Aldridge is being sued in his individual capacity as well as official capacity at City of Millersville for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer for the City of Millersville, Tennessee.

1.6 The Defendant, Eric Richards is, upon information and belief, a Resident of Millersville, Sumner County, Tennessee. Defendant Eric Richards was, at all times relevant to this Complaint, and was employed as and acting within his scope and

capacity as a law enforcement officer for the City of Millersville, Tennessee. Defendant Eric Richards is being sued in his individual capacity as well as official capacity at City of Millersville for his failure to perform, neglect of, and deliberate indifference to his duties as a law enforcement officer for the City of Millersville, Tennessee.

## AI. JURISDICTION

2.1     This Court has jurisdiction over the Federal claims asserted in this action Pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C. § 1983.  This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C.A. §1347 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

## BI. VENUE

3.1     Venue of this action is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to the action occurred within one year of the date of the incident in the Middle District of Tennessee.

## IV. NATURE OF THE CASE

4.1     This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. By means of selective incorporation the Supreme Court of the United State of America has fully incorporated in its entirety the Fourth Amendment of the United States Constitution to be applicable to the states. By means of the Fourteenth Amendment of the United States Constitution and selective incorporation The Supreme Court has in part incorporated the Fifth Amendment of the United States

Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiff.

4.2   The State in particular Tennessee Governmental Tort Liability Act law claims arise under the statute and common law of the State of Tennessee.

## V. FACTS

5.1   Based on information, knowledge, and belief the following facts occurred.

5.2   On October 14, 2017, Robert Litton was arrested by George Aldridge for violations of Tenn. Code Ann. § 39-13-111.

5.2   On or about October 14, 2017 Robert Litton was spending time with his ex-wife Jenny Litton and his 14yr old minor daughter Dorothy Litton at their home in Millersville Tn.

5.3   Both parents had given Dorothy Litton their daughter permission to go get ice cream at Wendy's with a neighborhood friend Haley and her grandmother.

5.4   Both parents later discovered Dorothy Litton was not with her friend's grandmother but instead had been picked up by an unknown family and taken to the Highland Rim Racetrack in Millersville TN. without her parents' permission. Due to the fact that Dorothy Litton was not home when she should have been.

5.5 Dorothy Litton had never been permitted to go to this racetrack due to safety concerns and the history of open drinking, fights and dangerous crashes at the racetrack.

5.6 Robert Litton went to the racetrack to get Dorothy Litton and Jenny Litton stayed home in case Dorothy Litton came home first.

5.7 Once at the racetrack Robert Litton found Dorothy Litton standing next to the fence that was right next to the racetrack.

5.8 Robert Litton calmly told Dorothy Litton it was time to go home and she began to get emotional and cry and refused to leave and go home with her dad because she knew she was in so much trouble because she had broken the rules and disobeyed her mom and dad.

5.9 Robert Litton then called Jenny Litton to have her come to the racetrack to help take Dorothy Litton home.

5.10 Once Jenny Litton arrived Dorothy Litton continued to cry and say she didn't want to go home making it necessary to physically make her stand up.

5.11 Jenny Litton and Robert Litton then both took Dorothy Litton by the arm to get her to stand up because she was still sitting and began walking her to the exit towards the parking lot that was several hundred feet away.

5.12 Dorothy Litton continued to cry and resist being lead to the parking lot at which time Mr.Biles began to yell and scream belligerently at Robert Litton to take his fucking hands off her. Mr.Biles looked very angry and red in the face and his hands were balled up like in the way someone who wanted to fight would hold his hands.

5.13    Robert Litton told Mr.Biles that Dorothy Litton was his daughter and she had no permission to be there and that he was taking her home.

5.14    Mr.Biles continued to yell and aggressively followed Robert Litton and Jenny Litton as they both took Dorothy Litton to the parking lot.

5.15    On the way out to the parking lot, Jenny Litton attempted to talk to Mr.Biles and explained to him that Dorothy Litton had no permission to be there and that she was her mother and was taking her home.

5.16    Dorothy Litton continued to try and stop walking while going to the parking lot and stopped walking several times to which Mr. and Ms. Litton had to regain and maintain control of Dorothy Litton.

5.17    At this time Mr.Biles became very aggressive and started yelling and saying things like, you don't know who you're messing with and you don't know who I am. His tone became louder and louder.

5.18    Mr.Biles then began to walk towards Robert Litton in an aggressive manner, with his fist balled up and was being held back by two or three people while trying to make his way to Robert Litton.

5.19    Robert Litton then released   Dorothy Litton and let   Jenny Litton take her by herself because he felt he was about to be assaulted by Mr.Biles.

5.20    Jenny Litton then attempted to put Dorothy Litton into their car by herself. Dorothy Litton resisted and tried to push away from her mother and Jenny Litton had to use her hip to maintain control of Dorothy and keep her between the open door and herself so that Dorothy could not leave.

5.21 Mr.Biles then screamed repeatedly at Mr. Litton, don't you fucking push her. Robert Litton was at the back of the car at this time and showed his hands to Mr.Biles and said he didn't push her.

5.22 Millersville Police arrived and separated all parties and immediately took Dorothy Litton from her mother Jenny Litton and her father Robert Litton and put her in the back of a police car and did not allow either parent to speak to her after that.

5.23 Officer George Aldridge asked Robert Litton what happened and both Robert Litton and Jenny Litton explained all the above details to Officer George Aldridge that they were there to pick up their juvenile daughter Dorothy Litton who had been taken to the racetrack without their knowledge or permission.

5.24 Officer George Aldridge said they were there because they got a call of an assault/child abuse complaint.

5.25 Robert Litton told Officer George Aldridge that he was aware of the law and that his daughter, was not assaulted or abused and that he and her mother had every right to remove their underage, minor daughter from a place they felt was unsafe and dangerous for her to be and that it was their parental right to do so.

5.26 Robert Litton told George Aldridge that his daughter was not hurt or harmed but was scared because she knew she was in trouble.

5.27 Robert Litton told Officer George Aldridge that several people appeared to be taking video of the incident on their cell phones and he could look at those videos to see that there was no assault/abuse.

5.28 Jenny Litton discovered that it was Mr. Bile's wife who had picked up Dorothy Litton from their neighborhood and brought her to the racetrack without either parent's knowledge or consent.

5.29 Jenny Litton told Officer George Aldridge she wanted Mr. And Mrs. Bile's arrested for custodial interference or kidnapping for taking her daughter without permission.

5.30 Robert Litton told Officer George Aldridge he wanted Mr. Bile's arrested for assault because he was in fear Mr. Bile's was going to assault him.

5.31 Officer George Aldridge then spoke to Mr. Bile's and approximately three other witnesses. Officer Aldridge appeared to be smiling and laughing with Mr. Bile's. All the witnesses were sat together at one table and given statement forms to fill out together.

5.32 Officer Aldridge then told Jenny Litton that Mr.Biles could not be arrested for bringing her underage daughter Dorothy Litton to the racetrack without permission because of the, "Good Samaritan law", he did not elaborate.

5.33 Officer George Aldridge then took Dorothy Litton out of the police car and asked her the real reason you don't want to go home is you are in trouble. Dorothy Litton stated yes I'm going to be grounded for the rest of my life. Jenny Litton witnessed this conversation.

5.34 Officer George Aldridge then returned to Robert Litton, Robert Litton asked officer Aldridge if officer Aldridge could separate witnesses while they wrote their statements because they may tend to get their stories straight since it appeared they knew each other. Officer George Aldridge did not respond.

5.35 Robert Litton was then arrested for Domestic assault.

5.36 Robert Litton asked Officer George Aldridge if he had looked at the cell phone videos. He stated he looked at one and it did not show Robert Litton doing anything wrong and that he could hear Mr. Bile's yelling in the background.

5.37 Officer George Aldridge said he received several cell phone videos on his phone and would look at them later. Officer George Aldridge stated he would probably just send them to the DA's office to see if charges would be dropped.

5.38 Officer George Aldridge put in his warrant for probable cause that Dorothy Litton said her father Robert Litton hurt her and she did not want to go home with either her mother or father as she was afraid they would beat her. This conflicts with Officer George Aldridge's own report testimony where he states in the police report Dorothy said either her father Robert or mother Jenny slammed her against the car and the report never mentioned her being hurt.

5.39 No ambulance was called or pictures taken or documented in the police report of any visible or other injuries.

5.40 Dorothy Litton states she never told Officer George Aldridge that she was afraid to go home because she was afraid she would be beat. She told Officer Aldridge she was afraid to go home because she would be grounded for life. Said statement was heard by Jenny Litton.

5.41 Dorothy Litton states she told Officer George Aldridge that her mom pushed her against the car and never told Officer Aldridge that her father Robert Litton did.

5.42 Jennifer Litton then asked both Officer Aldridge and Officer Richards (back up officer and supervisor) if she was going to be arrested also.

5.43 Both Officer Aldridge and Officer Richards said, no ,why would we arrest you, you did nothing wrong

.
5.44 Jennifer Litton then said because she did the same thing Robert Litton did to get their daughter to come home and he was arrested

5.45 Both officer's told her they had no probable cause to arrest her and something to the effect they only wanted her husband

5.46   Jenny Litton asked again if she was going to be arrested and she was assured again that she did nothing wrong

5.47   Jenny Litton then asked to have her daughter returned to her.

5.48   Officer Eric Richards then said he would not release Dorothy back to her.

5.49   Officer Eric Richards said there was an anonymous complaint of abuse called in and he had to take her to the police department to talk to DCS.

5.50   Jenny Litton asked if it involved her and Officer Eric Richards said it did not involve her but he would still not release Dorothy back to her.

5.51   Officer Eric Richards then took Dorothy Litton to the Police Dept. and put her in a room by herself to wait for DCS.

5.52   Jennifer Litton was not allowed any contact with her daughter for the next several hours and when Jennifer Litton said she didn't want her daughter talking to anyone without Dorothy Litton having an attorney, Dorothy was interviewed by DCS anyway.

5.53   Dorothy was later released to her mother Jennifer Litton later that night after DCS interviewed her.

5.54   Officer Eric Richards made no report on this incident, he made no supplement report to Officer Aldridge's original incident report and there is no record as to why Officer Aldridge detained an underage minor Dorothy for several hours without parental consent.


## COUNT I

### (FOURTH AMENDMENT - VIOLATION OF 42 U.S.C.A. § 1983

### FALSE ARREST AND MALICIOUS PROSECUTION)


6.1   Plaintiff Robert Litton was arrested without  a  warrant  and subsequently prosecuted for the crime of Domestic assault.

6.2    Defendant George Aldridge made the warrantless arrest of Plaintiff Robert Litton and made, participated in, and/or influenced the subsequent prosecution of the Plaintiff.

6.3     The arrest and prosecution of the Plaintiff for Domestic assault was without any probable cause for the following reasons:

     a)     The facts that officer Aldridge had knowledge of would not lead a reasonable person to believe that Robert Litton has committed, is committing, or is about to commit a crime; and

     b)     The circumstances that officer Aldridge had knowledge of would not lead a reasonable person to believe that Robert Litton has committed, is committing, or is about to commit a crime..

6.4     As a direct and proximate result of the arrest and criminal prosecution of the Plaintiff for Domestic assault, the Plaintiff was deprived of his liberty.

6.5     The charge of Domestic assault against the Plaintiff was dismissed on March 5, 2018, at the preliminary hearing.

6.6     Pursuant to statute, Defendant George Aldridge is liable to the Plaintiff for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

### COUNT II
### (MUNICIPAL LIABILITY - VIOLATION OF 42 U.S.C.A. § 1983)

7.1     The conduct of Defendant's George Aldridge and Eric Richards described above deprived the Plaintiffs of the Plaintiffs rights to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

7.2    Defendant City of Millersville contemporaneously approved and ratified the conduct and actions of Defendant George Aldridge and Eric Richards.

7.3    Defendant City of Millersville's customs, policies, procedures, and training were the motivating force behind the arrest and prosecution of Plaintiff Robert Litton along with other actions that led to violations of Jennifer Litton and Dorothy Ann Litton's constitutional rights. The City of Millersville is liable for the unlawful actions of both Officer Eric Richards and Officer George Aldridge on all the listed counts in this lawsuit because the City has shown a deliberate indifference to the training of its officers.

7.4    It is upon information and belief that the City of Millersville has failed to adequately train its police officers in the most basic of acts that it should be obvious an officer would be required to act on ( not limited to: how to investigate domestic assaults, juvenile law, parental rights, how to determine probable cause, constitutional law)

7.5    It is upon information and knowledge that the City of Millersville has no such records for policy and procedures pertaining to domestic violence response, child abuse response, department of children services referrals, dealing with juvenile arrest, custody and protective custody.

7.6    That by not training and the training that does occur being inadequate for officers on these usual and reoccurring situations it amounts to deliberate indifference on the part of the City of Millersville.

7.7    The City of Millersville should have known that the failure to train and inadequate training issues would result in constitutional violations.

7.8    The Plaintiff alleges that these violations are the direct cause of all counts in this complaint.

7.9    The Plaintiff further alleges that the City of Millersville through its lack of training and inadequate training is held vicariously liable for the actions of its officers

**7.10**  Pursuant to statute, Defendant City of Millersville is liable to the Plaintiffs for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and reasonable attorney's fees and costs.

### COUNT III

### (STATE LAW CLAIMS - FALSE ARREST AND MALICIOUS PROSECUTION)

8.1    Defendant George Aldridge made a warrantless arrest and initiated a criminal prosecution against Plaintiff Robert Litton based upon an alleged violation of Tenn. Code Ann. § 39-13-111.

8.2    Defendant George Aldridge had actual evidence that proved that Plaintiff Robert Litton had not committed the offense of Domestic assault.

8.3    Defendant George Aldridge actually knew and/or had reason to know that Plaintiff Robert Litton had not committed the offense of Domestic assault

and that no factual basis or probable cause existed for Plaintiff being arrested or charged with Domestic assault.

8.4    With the dismissal of the charges, the suit was resolved in Plaintiff Robert Litton's favor.

8.5    Defendant George Aldridge lacked any probable cause to arrest or charge Plaintiff Robert Litton with Domestic assault and was aware that no probable cause existed to arrest or charge Plaintiff Robert Litton.

8.6    Defendant George Aldridge also failed to make a reasonable investigation concerning any allegations made against Plaintiff Robert Litton by third parties and failed to consider direct video evidence that Plaintiff Robert Litton had not committed any crime.

8.7    Defendant George Aldridge, however, arrested and charged Plaintiff Robert Litton with Domestic assualt anyway with malice knowing there was no probable cause or with a reckless disregard of whether probable cause existed.

8.8    Plaintiff Robert Litton's arrest for Domestic assault was unlawful.

8.9    Furthermore, the lack of probable cause also creates a rebuttable presumption of malice.

8.10   Plaintiff Robert Litton suffered damages based upon Defendant George Aldridge's actions.

**COUNT IV**

**(Fourth Amendment- Violation Of 42 U.S.C.A. § 1983 False Arrest)
Robert Litton on behalf of his minor daughter Dorothy Ann Litton and
Jennifer Litton on behalf of her minor daughter Dorothy Ann Litton
Against Eric Richards**

9.1    Plaintiff party Dorothy Ann Litton was arrested by means of detention by Officer Eric Richards without warrant, probable cause, court order, or threat of imminent danger.

9.2 Plaintiff party Dorothy Ann Litton was put in a police car and later transported and held at the police station without warrant, court order, or threat of imminent danger, and against the directions of her mother Jennifer Litton.

9.3 Plaintiff party Dorothy Ann Litton was arrested and detained at police station for several hours.

9.4 As a direct and approximate result of the arrest of the Plaintiff party Dorothy Ann Litton, the Plaintiff party was deprived of her liberty. The Plaintiff party was hours later subsequently released in to the custody of her mother Jennifer Litton.

## COUNT V

**(STATE LAW CLAIMS - FALSE ARREST) Robert Litton on behalf of his minor
daughter Dorothy Ann Litton and Jennifer Litton on behalf of her minor
daughter Dorothy Ann Litton Against Eric Richards and The City of
Millersville**

10.1   Plaintiff party Dorothy Ann Litton was arrested by means of detention by Officer Eric Richards without probable cause, warrant, court order, or threat of imminent danger.

10.2      Plaintiff party Dorothy Ann Litton was put in police car and later transported and held at the police station without warrant, court order, or threat of imminent danger, and against the directions of her mother Jennifer Litton.

10.3 Plaintiff party Dorothy Ann Litton was arrested and detained at police station for several hours.

10.4 As a direct and approximate result of the arrest of the Plaintiff party Dorothy Ann Litton, the Plaintiff party was deprived of her liberty. The Plaintiff party was hours later subsequently released in to the custody of her mother Jennifer Litton.

## COUNT VI

**(Fourteenth Amendment- Violation Of 42 U.S.C.A. § 1983 fundamental right of a parent to oversee the care, custody, and control of a child.) Robert Litton. Against Eric Richards and City of Millersville**

11.1      Plaintiff Robert Litton was deprived the fundamental right to oversee the care, custody, and control, of his child as declared a fundamental right of the Fourteenth Amendment under Troxel v. Granvile 530 US 57 (US 2000) .

## COUNT VII

**(Fourteenth Amendment- Violation Of 42 U.S.C.A. § 1983 fundamental right of a parent to oversee the care, custody, and control of a child.) Jennifer Litton. Against Eric Richards and City of Millersville**

12.1    Plaintiff Jennifer Litton was deprived the fundamental right to oversee the care, custody, and control, of her child as declared a fundamental right of the fourteenth amendment under Troxel v. Granvile 530 US 57 (US 2000) .

## DAMAGES

13.1    As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Robert Litton experienced significant emotional suffering; damage to his reputation; and the embarrassment and humiliation of publicly being arrested and prosecuted for Domestic assault.

13.2    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff Robert Litton has experienced significant mental anguish.

13.3    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff has suffered impairment to his income.

13.4    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff was arrested, had to make bond to be released from jail, and had to hire an attorney to successfully have the criminal charge against him dismissed.

13.5    As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Robert Litton experienced significant emotional suffering; damage to her reputation; and public embarrassment and humiliation of having his minor daughter arrested and detained for hours along with having his parental rights of the care of daughter taken away.

13.6    As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Jennifer Litton experienced significant emotional suffering; damage to her reputation; and public embarrassment and humiliation of having her minor daughter arrested and detained for hours and her ex-husband arrested for and prosecuted for Domestic assault along with having her parental rights of the care of daughter taken away.

13.7    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff Jennifer Litton has experienced significant mental anguish.

13.8    As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff Jennifer Litton has incurred attorney fees from actions separate from this action but originating from said incident.

13.9    As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Dorothy Ann Litton experienced significant emotional suffering; damage to her reputation; and the embarrassment and humiliation from being arrested and detained for hours.

13.10   As a direct and proximate result of the unlawful conduct of the Defendants as described above, the Plaintiff Dorothy Ann Litton has

experienced significant mental anguish from being arrested and detained for hours.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully demands judgment against Defendants, and each of them, jointly and severally as follows:

2. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

3. That the Plaintiffs be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum    amount allowed by law;

4. That the Plaintiffs be awarded a judgment for punitive damages in an amount that is necessary to punish the Defendants and to deter others from committing similar wrongs in the future;

5. That the Plaintiffs be awarded his costs, litigation costs, discretionary costs, pre-and post-judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

6. That the Plaintiffs be granted such other, further, and general relief as to which they are entitled.

Respectfully Submitted,

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on the 14th day of March,2019, a true and correct copy of the foregoing documented was forwarded to the following via the United States mail,postage prepaid to:


Mark E.McGrady
211 7th Ave.North,Ste.500
Nashville,TN 37219
(615)254-3060
*Attorney for Defendant,City of Millersville and George Aldridge.*

Robert C Litton