# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **ROBERT CHRISTOPHER LITTON et al.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:18-cv-01101 |
| ) | Judge William L. Campbell |
| **CITY OF MILLERSVILLE,** ) | Magistrate Judge Alistair Newbern |
| **GEORGE ALDRIDGE, ERIC RICHARDS** ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT, ERIC RICHARDS

The Defendant, Eric Richards ("Officer Richards"), by and through counsel, submits the following memorandum of law in support of his motion to dismiss the claims asserted against Officer Richards in the amended complaint filed by Plaintiff, Robert Christopher Litton ("Mr. Litton"), pursuant to Fed. R. Civ. P. 12(b)(6).

**I.      PRELIMINARY STATEMENT**

On October 12, 2018, Mr. Litton filed his original complaint alleging both federal and state law claims against the City of Millersville (the "City") and Millersville Police Officer George Aldridge ("Officer Aldridge").  Mr. Litton's claims in the original complaint were based upon Plaintiff's arrest and prosecution on an allegation of domestic assault where his daughter, "D.L.", is alleged to be the victim. (*See* Doc. 1, Page ID #1-13).  Mr. Litton alleged that the City and Officer Aldridge violated his Fourth Amendment rights by arresting and prosecuting him without probable cause.  Mr. Litton alleged an additional state law claim for false arrest and malicious prosecution.

Officer Aldridge filed an answer and amended answer (Docs. 10 and 12) to the original complaint on January 28, 2019. The City responded to the original complaint with a motion to dismiss (Docs. 11 and 13), also filed on January 28, 2019.

Under Local Rule 7.01(a)(3), Mr. Litton had 14 days to respond to the City's motion to dismiss. On February 12, 2019, Mr. Litton filed a motion for an extension of time of 30 days to respond to the motion to dismiss. (Doc. 17). The motion for an extension of time to respond to the motion to dismiss was granted on February 13, 2019. (Doc. 18). Although the motion for an extension of time to respond to the motion to dismiss indicated that Mr. Litton sought the additional time "to respond and prepare [sic] an amended complaint" (Doc. 17, PageID # 104), Mr. Litton did not request nor received leave to file an amended pleading beyond the 21 days allowed by Fed. R. Civ. Proc. 15(a)(1)(B) after Officer Aldridge filed an answer and the City filed a motion to dismiss on January 28, 2019.

Mr. Litton never filed a response to the City's motion to dismiss. Instead, on March 14, 2019, Mr. Litton filed an amended complaint. (Doc. 19). The amended complaint is signed only by Mr. Litton, appearing *pro se*. (Doc. 19, PageID # 126). As was true of the original complaint, Count I of the amended complaint asserts a claim on Mr. Litton's own behalf against Officer Aldridge. (Amended Complaint, Doc. 19, PageID # 116-118). Count II, which asserts a municipal liability claim against the City, was revised in the amended complaint to assert claims on behalf of "Plaintiffs," which the amended complaint identifies as Jennifer Marie Litton ("Ms. Litton") and the minor daughter, D.L., in addition to Mr. Litton. (*Id.*, PageID # 108, 118-120). Count III retains the claim in the original complaint on behalf of Mr. Litton against Officer Aldridge for state-law claims of false arrest and malicious prosecution. (*Id.*, PageID # 120-121).

Officer Richards was not named as a defendant in the original complaint. Without obtaining leave from the Court to do so, Mr. Litton filed the amended complaint which adds Officer Richards as a party-defendant and asserts four claims against Officer Richards. Count IV is a claim which Mr. Litton and Ms. Litton purport to bring on behalf of D.L. against Officer Richards for false arrest under 42 U.S.C. § 1983. (*Id.*, PageID # 121-122). Mr. Litton and Ms. Litton attempt to bring a state-law claim on behalf of D.L. for false arrest against Officer Richards and the City in Count V. (*Id.*, PageID # 122-123). In Count VI, Mr. Litton asserts a claim on his own behalf against Officer Richards and the City under 42 U.S.C. § 1983 for interference with his right to oversee the custody of his child. (*Id.*, PageID # 123). Count VII is a claim purportedly brought by Ms. Litton against Officer Richards and the City under 42 U.S.C. § 1983 for interference with Ms. Litton's right to oversee the custody of her child.

In this motion, Officer Richards contends that the claims asserted against him in Counts VI and VII are barred by the statute of limitations. The claims asserted against Officer Richards in Counts IV and V are improper because they are brought on behalf of the minor, D.L., in a representative capacity by her parent(s), acting on a *pro se* basis. The amended complaint fails to state a claim upon which relief can be granted as to Officer Richards. Therefore, Officer Richards moves to dismiss this action against Officer Richards in its entirety.

## II. FACTUAL STATEMENT

As this is a motion to dismiss, the factual statement is derived solely from the amended complaint, and all facts alleged therein are presumed to be true for purposes of this motion.

On October 14, 2017, Millersville Police were called to the Highland Rim Racetrack in Millersville after Mr. Litton and Ms. Litton discovered that their daughter had gone to the track without their permission and they went to the track to retrieve her. (Doc. 19, Page ID #110-113,

¶¶ 5.4, 5.6, 5.11 and 5.22). Millersville officers arrived, separated the parties, and put D.L. in the back of a police car and did not allow either parent to speak to her after that. (*Id.*, PageID # 113, ¶ 5.22). Mr. Litton was arrested for domestic assault. (*Id.*, PageID # 114, ¶ 5.35).

After Ms. Litton was told that she was not going to be arrested, she asked to have her daughter returned to her. (*Id.*, PageID # 116, ¶¶ 5.46-5.47). Officer Richards did not return D.L. to Ms. Litton, but instead took her to the police department. (*Id.*, ¶¶ 5.48, 5.51). The Tennessee Department of Child Services interviewed D.L. even though J.L. said that she did not want her daughter talking to anyone without D.L. having an attorney. (*Id.*, ¶ 5.52). D.L. was released to Ms. Litton "later that night after DCS interviewed her." (*Id.*, ¶ 5.53).

## III. ARGUMENT

### A. Standard of Review

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). "A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "The allegations must be enough to 'raise a right to relief above the speculative level' and state a claim that is 'plausible on its face.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d at 520 (*quoting Twombly,* 127 S.Ct. at 1965, 1974).

### B. The Claims in Counts VI and VII against Officer Richards are barred by the statute of limitations.

Counts VI and VII assert claims on behalf of the parents of D.L. for depriving them of the right to control their child for "several hours" on the night of October 14, 2017. These claims were

not asserted against Officer Richards until March 14, 2019, more than a year after the alleged deprivation occurred. The claims against Officer Richards are barred by the statute of limitations, which has a one-year limitations period.

> Since § 1983 contains no statute of limitations, this court must refer to the limitations period that applies to the most closely analogous Tennessee action. *See Kilgore v. City of Mansfield, Ohio*, 679 F.2d 632, 633–34 (6th Cir.1982); *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520, 521 (6th Cir.1975). The most closely analogous Tennessee action is a civil action "for compensatory or punitive damages, or both, brought under the federal civil rights statutes...." Tenn.Code Ann. § 28–3–104. The limitations period for such actions is one year. *Id*.

*Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

It is true that Mr. Litton filed the original complaint within the statute of limitations, but the claims for deprivation of the custody and care of the minor child, D.L., were not asserted in the original complaint. Officer Richards was not a party-defendant to the original action, nor were Ms. Litton and D.L. named as plaintiffs in the original complaint. While Fed. R. Civ. Proc. 15(c)(1) sometimes permits the relation back of amendments, relation back is not permitted when claims are asserted against a new defendant who was not named in the original complaint in the absence of mistake. Not identifying an additional officer involved in an incident within the limitations period is not a "mistake" that allows relation back under Rule 15, according to the Sixth Circuit:

> The problem with Smith's amended complaint is that adding new, previously unknown defendants in place of "John Doe" defendants "is considered a change in parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ]." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996). Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449–50 (6th Cir.1991); Cox, 75 F.3d at 240; *Moore v. Tennessee*, 267 Fed.Appx. 450, 455 (6th Cir.2008).

*Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012)(unpublished).

The claims asserted against Officer Richards in Counts VI and VII of the amended complaint are barred by the one-year statute of limitations and thus these claims fail to state a claim against Officer Richards.

**C. Mr. Litton and Ms. Litton May Not Prosecute a Claim on Behalf of Their Daughter, D.L. on a *Pro Se* Basis.**

Counts IV and IV of the amended complaint are claims that Mr. Litton and Mrs. Litton[1] attempt to assert on behalf of their minor daughter, D.L. While parents may act on behalf of minor children in a federal action, they may not represent their children without themselves being represented by an attorney. The Sixth Circuit established this principle in *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002):

> Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro* se where interests other than their own are at stake. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause."). . . . Similarly, parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990).

*Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002).

In a recent case, Judge Trauger applied the principles under *Shepherd* and dismissed without prejudice Section 1983 claims that were brought by parents on behalf their minor child:

> Thus, while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Mr. Adams and Ms. Smith may not bring claims on

---

[1] Ms. Litton did not sign the amended complaint, so these counts appear to be doubly derivative as to Ms. Litton. Mr. Litton signed the complaint and asserts a claim on behalf of Ms. Litton who in turn attempts to sue on behalf of her minor daughter.

behalf of the minor child unless they are represented by an attorney. Because they are not at this time represented by an attorney, the claims brought on behalf of their minor child will be dismissed without prejudice.

*Adams v. Diamond*, 3:18-CV-00976, 2019 WL 314569, at *2 (M.D. Tenn. Jan. 24, 2019).

## IV. Conclusion

For the foregoing reasons, Plaintiff's claims against Officer Richards should be dismissed.

Respectfully submitted,

*/s/ Mark E. McGrady*
Mark E. McGrady (#30026)
Farrar & Bates, LLP
211 7th Ave. North, Ste. 500
Nashville, TN 37219
(615) 254-3060
mark.mcgrady@farrar-bates.com
*Attorney for Defendant, Eric Richards*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of March, 2019, a true and correct copy of the foregoing document was forwarded to the following via the court's electronic filing system or United States first-class mail, postage prepaid to:

Robert Christopher Litton, *pro se (via U.S. Mail)*
119 Sanders Ferry Road # 20
Hendersonville, TN 37075

*/s/ Mark E. McGrady*
Mark E. McGrady